IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRIETT T. SPENCER | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-1147 |
| | : | |
| CITY OF PHILADELPHIA | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                         **July 30, 2012**

      Plaintiff Harriett T. Spencer has filed a motion for review of the Clerk of Court's taxation of $6,524.55 in costs against her.  Spencer asks this Court to reverse the costs award in its entirety and to strike the judgment entered thereon.  Defendant City of Philadelphia opposes the motion.  For the reasons set forth below, Spencer's motion will be denied.  However, this Court will reduce the costs judgment against Spencer to $6.151.05.

**FACTS**

      In this employment discrimination action, Spencer sued the City of Philadelphia for failing to promote her to the position of Deputy Commissioner of Operations of the Philadelphia Prison System because of her gender and in retaliation for her prior filing of a discrimination claim against the City.  The case was tried to a jury, which returned a verdict in favor of the City.  Although the jury found Spencer was qualified for the Deputy Commissioner position, it concluded Spencer's gender was not a determinative factor in the decision not to promote her and the decision was not retaliatory.  Following entry of judgment on the jury's verdict, the City filed a bill of costs, to which Spencer objected.  The Clerk of Court thereafter taxed costs against Spencer in the amount of $6,524.55, disallowing only $27.53 of the amount requested by the City for exemplification fees because this amount reflected time spent by a legal assistant making copies.  Spencer now seeks *de novo* review of the Clerk's taxation of costs pursuant to Federal Rule of Civil Procedure 54(d)(1).

**DISCUSSION**

Rule 54(d)(1) directs that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The costs allowable pursuant to Rule 54(d)(1) are set forth in 28 U.S.C. § 1920 and include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *Id.* § 1920(2) & (4). Although the Clerk of Court "is charged with taxing such costs," the district court "is charged with making a *de novo* review of the [C]lerk's determination of the costs issue." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 453, 461 (3d Cir. 2000).

"By mandating that, subject to court intervention, costs be allowed to a prevailing party *as of course*, [Rule 54(d)(1)] creates the 'strong presumption' that costs are to be awarded to the prevailing party," which presumption may be overcome only if the losing party shows "an award is inequitable under the circumstances." *Id.* at 462-63 (citations omitted); *see also Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010). In determining whether reduction of an award of costs is warranted on equitable grounds, a district court may consider "the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the . . . litigation or the costs award proceedings," as well as "the losing part[y's] potential indigency or inability to pay the full measure of a costs award levied against [her]." *In re Paoli*, 221 F.3d at 468.

In her motion for review, Spencer does not object to any specific item of the City's costs as unallowable pursuant to § 1920. Rather, Spencer argues this Court should reverse all of the costs

taxed against her because (1) the City failed to timely itemize and document its costs; (2) the vast majority of the costs taxed are for depositions that would have been unnecessary had the City properly acknowledged Spencer was qualified for the Deputy Commissioner of Operations position rather than needlessly litigating the issue; and (3) she is unable to pay the costs awarded. Upon consideration of these arguments, this Court is not persuaded an award of costs would be inequitable under the circumstances presented here.

Noting that the bill of costs form used in this district directs the party seeking costs to attach to its bill "an itemization and documentation for requested costs in all categories," Spencer argues the City's failure to comply with this requirement permits the Court to deny costs "out of hand." Pl.'s Mot. for Review 5-6. Although the City did not submit the requested materials in support of its original bill of costs, after Spencer noted this deficiency, the City produced documentation of its requested costs as part of its response to Spencer's objections to the bill of costs. Spencer does not argue these later-filed supporting materials—which include itemizations of the specific deposition fees and photocopying costs requested and invoices for the deposition transcripts for which costs were requested—are themselves insufficient. Rather, Spencer argues the City's attempt to remedy the defect in its original bill of costs is untimely, suggesting the City should have sought leave to file an amended bill of costs. Spencer cites no authority for the proposition that a court may not consider supporting documentation provided after submission of the original bill of costs, and courts in this district have not adhered to such an approach. *See Adams v. Teamsters Local 115*, 678 F. Supp. 2d 314, 326-27 (E.D. Pa. 2007) (affording a prevailing defendant a "reasonable opportunity" to provide plaintiffs with names of the deponents for whose depositions costs were sought where such information, which prevented plaintiffs from assessing the charges incurred, was not included in

defendant's bill of costs); *cf. In re Paoli*, 221 F.3d at 461-62 (holding a district court may consider evidence not presented to the Clerk of Court in conducting its *de novo* review of a costs award). Rather, in the cases cited by Spencer in which the courts denied costs based on a lack of itemization or documentation, there was no indication the party seeking costs had produced any supporting materials at any time. *See Montgomery Cnty. v. Microvote Corp.*, No. 97-6331, 2004 WL 1087196, at *7-8 (E.D. Pa. May 13, 2004); *Melendez-Benitez v. United States*, 498 F. Supp. 2d 460, 463 (D.P.R. 2007). This Court thus finds the City's initial failure to adequately support its bill of costs is not a basis to reverse the Clerk's taxation of costs.

The Court is also not persuaded that the $6,412.41 in deposition costs taxed should be disallowed on the ground such costs are largely attributable to the City's pursuit of an untenable defense. At trial, the City argued Spencer was not qualified for the position of Deputy Commissioner of Operations because she lacked warden experience, which Prisons Commissioner Louis Giorla believed was an essential qualification for the job. Although the jury ultimately rejected this defense, this Court has no reason to believe the City pursued it in bad faith or as a dilatory tactic. *Cf. Smith v. Se. Pa. Transp. Auth.*, 47 F.3d 97, 99 (3d Cir. 1995) (suggesting the denial of costs would be warranted where the prevailing party "call[ed] unnecessary witnesses, br[ought] in unnecessary issues or otherwise encumber[ed] the record" (citations omitted)). Therefore, reversal of the deposition costs is not warranted on this basis.

Upon review of the City's invoices, however, it appears that for one of the depositions, the City seeks to recover not only the $518.10 cost of the certified transcript of the deposition, but also the $373.50 cost of the "Rough ASCII" transcript. *See* Def.'s Resp. to Pl.'s Mot. for Review Ex. B, ECF No. 54-1 at 7. The City is not entitled to recover twice for the same deposition; therefore, the

Court will disallow the $373.50 cost of the "Rough ASCII" transcript. *See Microvote Corp.*, 2004 WL 1087196, at *6 & n.10 (disallowing fees for additional copies of depositions on ASCII disks).

Finally, Spencer argues this Court should reverse the costs award because she is unable to pay it. "[T]he losing party's indigency or inability to pay 'the full measure' of a costs award against it," is a factor a district court may consider in awarding costs. *In re Paoli*, 221 F.3d at 463 (quoting *Smith*, 47 F.3d at 99). While the Third Circuit has characterized this factor as the "most important" factor to consider, the court has also made clear that even indigency does not automatically exempt a losing party from paying costs. *Id.* at 463-64 (holding "if a losing party is indigent or unable to pay the full measure of costs, a district court *may*, but need not *automatically*, exempt the losing party from paying costs").

Here, Spencer, whose annual salary is $74,430, is clearly not indigent. Rather, in support of her motion for review, she has submitted an affidavit setting forth her biweekly take-home pay and certain fixed monthly expenses for her home mortgage, car loan, and home equity loan, and for the support of her disabled niece for whom she is the legal guardian. Spencer Aff. ¶¶ 3-6. Based on the figures in her affidavit, after payment of these expenses, Spencer is left with approximately $1,200 per month to pay her living expenses.[1] Spencer argues that in light of her current financial situation, as reflected in these numbers as well as in her lack of savings independent of her pension, she is "presently unable to pay" the $6,524.55 costs award, which would "impose a grave financial hardship, and potential indigency, upon [her]." *Id.* ¶¶ 7-8. As the City notes, however, the federal

---

[1] In her memorandum, Spencer asserts she has $900 per month for living expenses, but this is based on a net monthly income of $3,700, which is inconsistent with the $4,006 net monthly income amount suggested by the figures in her affidavit, i.e., after-tax income of $1,849 bi-weekly, or $48,074 per year.

income tax return Spencer submitted in support of her motion reflects that she received a federal tax refund of $8,463 of the taxes withheld in 2010, an amount which is almost $2,000 more than the costs award.  Pl.'s Mot. for Review Ex. 1 (federal tax return, line 74a).  Spencer has not responded to the City's argument regarding the tax refund she received or the impact of the refund on her net income.  She has not suggested, for example, that the refund is in fact reflected in the income figures in her affidavit.  While Spencer's affidavit supports her claim that she lacks the present ability to pay the $6,524.55 costs award in its entirety as a lump sum, based on the existing record, including the tax refund, this Court is not persuaded Spencer lacks the ability to pay the costs award over time. *See Bourne v. Lancaster Cnty. Prison*, No. 06-293, 2011 WL 346557, at *3 (E.D. Pa. Feb. 3, 2011) (taxing costs against indigent plaintiff in the reduced amount of $500 based in part on "the possibility that plaintiff may receive income or benefits in the future"); *Guynup v. Lancaster Cnty.*, No. 06-4315, 2009 WL 3073718, at *2 (E.D. Pa. Sept. 24, 2009) (taxing costs against indigent plaintiff in the reduced amount of $4,511.68, and noting this amount may be collectible "[i]f Plaintiff comes into any sum of money in the future").

     Because Spencer has failed to overcome the strong presumption in favor of awarding costs to the prevailing party by showing such an award would be inequitable in the circumstances of this case, the Court will affirm the Clerk of Court's taxation of costs in the reduced amount of $6,151.05, and will amend the costs judgment against Spencer accordingly.  An appropriate order follows.

                      BY THE COURT:

                      /s/ Juan R. Sánchez
                      Juan R. Sánchez, J.